IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **TEDDY STOVER AND JAMA STOVER,** **Plaintiffs**, v. **JAY FOLSE,** **Defendant**. | **CIVIL ACTION NO.): 1:21-CV-110** **(JUDGE KEELEY)** |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISQUALIFY [ECF NO. 16]

This matter has been referred to the undersigned Magistrate Judge pursuant to an Order entered by the presiding District Judge, Hon. Irene M. Keeley, dated August 5, 2021. [ECF No. 4]. Presently pending before the Court is the *pro se* Defendant's motion to disqualify the undersigned and memorandum in support, filed on September 5, 2021. [ECF No. 16].

By his motion, Defendant requests that the undersigned disqualify himself from this matter. The basis for Defendant's request, he argues, is that he is not permitted to contact the undersigned, and filing papers in this matter is a form of prohibited contact. Defendant explains that he was arrested in 2019 as a result of his attendance at a public meeting at West Virginia University. Defendant further states that the resulting criminal case still is pending in state court. The bond issued for him in that criminal case, Defendant says, requires him to refrain from contacting West Virginia University employees except through West Virginia University legal counsel, Seth P. Hayes. Defendant (correctly) believes that the undersigned is employed by West Virginia

1

University, although the undersigned's work at West Virginia University is minimal and wholly secondary to his duties as a Magistrate Judge. In any case, according to Defendant, he cannot file papers in this matter. The Court does not have the benefit of Defendant's written bond conditions other than Defendant's representations in his motion.

The undersigned is unaware of authority which would preclude his involvement in this matter in this context. As the Fourth Circuit has explained:

> Section 455(a) of title 28 of the United States Code provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As we have previously explained, "'[t]he question is not whether the judge is impartial in fact. It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances.'" Aiken County v. BSP Div. of Envirotech Corp., 866 F.2d 661, 679 (4th Cir.1989) (quoting Rice v. McKenzie, 581 F.2d 1114, 1116 (4th Cir.1978)).

Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995).

Defendant invokes 28 U.S.C. § 455(a), cited in Hathcock, above, and the similar provision at 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein. . ."). Setting aside the question of whether Defendant timely lodged a sufficient affidavit as required under 28 U.S.C. § 144, Defendant erroneously contorts these provisions governing judicial bias and impartiality as to the situation at hand.

First, the undersigned's involvement at West Virginia University is that of an adjunct instructor at its College of Law. The nature of the undersigned's work is minimal, teaching only one course per semester. Also, such adjunct work is common; after all, members of the bench and bar often serve as part-time instructors at law schools so as to bring additional perspective and experience to students enrolled in their courses. Such work often is encouraged by the bench, the

bar, and the academy. In any case, service as an adjunct instructor is wholly secondary to the undersigned's position as a Magistrate Judge, which is his duty first and foremost.

As such, then, it is unlikely that either the letter or the spirit of the bond conditions governing Defendant's conduct would prohibit Defendant's normal participation in this matter before the undersigned as required. After all, the undersigned's involvement with West Virginia University is minimal; he is not a person who is affected by whatever actions underlie Defendant's bond in the state court proceedings. Further, it is highly unlikely that Defendant's interactions with the Court would require review or other involvement by West Virginia University's counsel. Accordingly, unless or until there is further indication from this Court, Defendant may participate in this matter in the normal course. <u>To this end, the Court includes West Virginia University's counsel, Seth P. Hayes, as a recipient of this Order and **DIRECTS** him to respond to this Order within (1) week of receipt of this Order if he disagrees with the undersigned's assessment here</u>.

Accordingly, based on the foregoing, Defendant's motion to disqualify the undersigned [ECF No. 16] is hereby **DENIED**. It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to all *pro se* parties by certified mail, return receipt requested, to their last known addresses as shown on the docket, to counsel of record by electronic means, <u>and to Seth P. Hayes, Esq., JacksonKelly PLLC, 150 Clay St., Suite 500, Morgantown, WV 26501</u>.

**DATED**: September 9, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE